IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INSURANCE CORPORATION OF HANNOVER,
an Illinois insurance company,

        Plaintiff,

vs.                                                               Case No. CV 05-501 JP/WDS

KYM REDMAN, a New Mexico resident,
LANCE REDMAN, a New Mexico resident,
ERIC JAMESON, a New Mexico resident,
SHELLEY JAMESON, a New Mexico resident,
SHELLEY AND ERIC JAMESON, as Legal Guardians
and Parents of CODY JAMESON, a minor and a
New Mexico resident,
CITY OF CARLSBAD, and
MIDWEST EMPLOYERS CASUALTY COMPANY,

        Defendants,

and

KYM REDMAN and ERIC JAMESON,

        Counterclaimants,

vs.

INSURANCE CORPORATION OF HANNOVER,
an Illinois insurance company,

        Counterdefendant.

MEMORANDUM OPINION AND ORDER

      On May 25, 2006 Magistrate Judge W. D. Schneider ordered the bifurcation of this

insurance action "to allow resolution of the stacking issue before proceeding on the remaining

1

counterclaims."  (Doc. No. 88).  Since then, the parties have completed briefing on cross motions for summary judgment.

On July 28, 2006 Plaintiff Insurance Corporation of Hannover filed a Motion to Have Defendant Eric Jameson's Motion for Partial Summary Judgment (Doc. No. 80) Heard Concurrently with ICH's Motion for Summary Judgment (Doc. No. 93) and for Oral Argument ("Motion for Concurrent Hearing").  (Doc. Nos. 117 - 118).  As the title of this motion announces, Plaintiff requests that Plaintiff's Motion for Summary Judgment and Defendant Eric Jameson's Motion for Partial Summary Judgment be heard concurrently to avoid inconsistent rulings.  Plaintiff also requests the opportunity to present oral argument to assist the Court in its evaluation of the motions.  On August 11, 2006 Defendants Eric Jameson, Shelley Jameson, and Cody Jameson filed Jamesons' Response to ICH's Motion (Doc. No. 117) to have Defendant Jameson's Motion for Partial Summary Judgment (Doc. No. 80) Heard Concurrently with ICH's Motion for Summary Judgment (Doc. No. 93) and for Oral Argument and Jamesons' Supporting Brief.  (Doc. No. 131).  Defendants contend that oral argument is unnecessary and that the two motions for summary judgment should not be considered simultaneously because Plaintiff's Motion for Summary Judgment is "not . . . ripe for a ruling."  Doc. No. 131 at 2.  In essence, the Defendants argue that they need additional discovery to respond fully to Plaintiff's Motion for Summary Judgment, and therefore advocate denial of the Motion for Concurrent Hearing and either a denial or continuance of Plaintiff's Motion for Summary Judgment.  On August 25, 2006 Plaintiff filed its reply brief (Doc. No. 134).

On September 6, 2006 Defendants Kym Redman and Lance Redman filed a Motion to Strike or Continue ICH's Motion for Summary Judgment on Claims Exceeding the Stacking Issue

(Doc. No. 140).  The Redman Defendants refer to the bifurcation order in this case and request that any issues other than the stacking claim raised in Plaintiff's Motion for Summary Judgment be stricken or continued until discovery can be conducted on those other issues.  On September 22, 2006 Plaintiff filed its Response to Defendant Kym and Lance Redman's Motion to Strike or Continue ICH's Motion for Summary Judgment [on Claims Exceeding the Stacking Issue].  (Doc. No. 151).  Plaintiff contends that its Motion for Summary Judgment is limited to the issue of stacking and that it is well aware of the order of bifurcation, having moved for bifurcation in the first place.  The Redman Defendants did not file a reply brief.

Finally, on November 10, 2006 the Redman and Jameson Defendants filed a Motion for Partial Summary Judgment on Judicial Stacking Liability (Doc. No. 160).  The accompanying memorandum of law (Doc. No. 161) notes that Defendants are now in possession of "the most critical documents at issue[,]" thereby allowing them to file for partial summary judgment on judicial stacking, which complements Defendant Eric Jameson's earlier motion concerning policy stacking (Doc. No. 80).  While Defendants note that "further filings by Defendants may likely be necessary as additional evidence is received[,]" it would appear that the parties will soon be able to complete their briefing on all of their motions for summary judgment on the issue of stacking.  Because of the intertwined nature of all of these motions, and because most of them incorporate by reference arguments made in earlier briefs, the Court will defer ruling on the summary judgment motions until briefing is completed on Defendants' Motion for Partial Summary Judgment on Judicial Stacking Liability (Doc. No. 160).

In light of the Redman and Jameson Defendants' statement concerning the progressing state of discovery, the Court also concludes as follows.  Plaintiff's Motion for Concurrent Hearing

(Doc. Nos. 117 - 118) will be granted to the extent that the Court will consider all of the summary judgment motions simultaneously, and will be denied as to the request for oral argument.  The parties have fully and extensively briefed the issue of policy stacking thus far, and will no doubt do a similarly thorough job with the issue of judicial stacking.  Therefore, oral argument will not be necessary for the Court to rule on the motions for summary judgment.  As for the Redman Defendants' Motion to Strike or Continue ICH's Motion for Summary Judgment on Claims Exceeding the Stacking Issue (Doc. No. 140), the Court finds that this motion has been largely mooted by Defendants' receipt of additional discovery materials and the Court's deferment of ruling on the motions for summary judgment.  In addition, the Court concludes that Plaintiff's Motion for Summary Judgment is already limited to the issue of stacking, further rendering Defendants' motion moot.

THEREFORE, IT IS ORDERED THAT Plaintiff Insurance Corporation of Hannover's Motion to Have Defendant Eric Jameson's Motion for Partial Summary Judgment (Doc. No. 80) Heard Concurrently with ICH's Motion for Summary Judgment (Doc. No. 93) and for Oral Argument, (Doc. Nos. 117 - 118) is GRANTED to the extent that the Court will consider all of the summary judgment motions simultaneously, and is DENIED as to the request for oral argument.

IT IS FURTHER ORDERED THAT Defendants Kym and Lance Redman's Motion to Strike or Continue ICH's Motion for Summary Judgment on Claims Exceeding the Stacking Issue (Doc. No. 140) is DENIED as moot.

                                                         */s/ James A. Parker*
                                        SENIOR UNITED STATES DISTRICT JUDGE