IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INSURANCE CORPORATION OF HANNOVER,
an Illinois insurance company,

        Plaintiff,

vs.                                   Case No. CV 05-501 JP/WDS

KYM REDMAN, a New Mexico resident,
LANCE REDMAN, a New Mexico resident,
ERIC JAMESON, a New Mexico resident,
SHELLEY JAMESON, a New Mexico resident,
SHELLEY AND ERIC JAMESON, as Legal Guardians
and Parents of CODY JAMESON, a minor and a
New Mexico resident,
CITY OF CARLSBAD, and
MIDWEST EMPLOYERS CASUALTY COMPANY,

        Defendants,

and

KYM REDMAN and ERIC JAMESON,

        Counterclaimants,

vs.

INSURANCE CORPORATION OF HANNOVER,

        Counterdefendant.

<u>MEMORANDUM OPINION AND ORDER</u>

       On December 23, 2005 Plaintiff Insurance Corporation of Hannover filed a Motion to

Strike Exhibits A, B, and C of Kym Redman's Counterclaim ("Motion to Strike").  (Doc. No.

35).  On January 20, 2006 the Court entered an Order (Doc. No. 42) granting Plaintiff's

1

unopposed motion.  On the same date, Defendant Kym Redman filed an untimely response

("Defendant's Response") (Doc. No. 43) to Plaintiff's motion.  Defendant Redman subsequently

filed a Motion to Reconsider Order Entered January 20, 2006 Striking Exhibits A, B, and C from

Kym Redman's Counterclaim (Doc. No. 44) and a Motion to Extend Deadline for Response to

Motion to Strike Exhibits A, B, and C (Doc. No. 45).  In its March 15, 2006 Order (Doc. No.

52), the Court granted Defendant's Motion to Extend Deadline and Defendant's Motion to

Reconsider to the extent that the parties would be allowed to fully brief the issue before the Court

rendered a decision.  Plaintiff filed its reply brief on April 5, 2006 (Doc. No. 61).

At the heart of Plaintiff's motion are three letters, attached as Exhibits A, B, and C to

Kym Redman's Answer to First Amended Complaint for Declaratory Judgment and Counter-

Claim (Doc. No. 8).  These letters were sent from Plaintiff's counsel to Defendants' counsel in

March 2005.  Plaintiff contends that these letters contain evidence of offers to compromise and

should be excluded under Federal Rule of Evidence 408.  Defendant Redman counters that the

letters were sent prior to any settlement negotiations and at minimum are admissible as evidence

of bad faith or as evidence of the settlement of a claim different from the one currently being

litigated.  For the reasons discussed below, the Court concludes that Exhibits A, B, and C should

be stricken from Defendant Kym Redman's Counterclaim.

Rule 408 provides that

[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or
offering or promising to accept, a valuable consideration in compromising or attempting to
compromise a claim which was disputed as to either validity or amount, is not admissible
to prove liability for or invalidity of the claim or its amount.   Evidence of conduct or
statements made in compromise negotiations is likewise not admissible. . . .  This rule also
does not require exclusion when the evidence is offered for another purpose, such as
proving bias or prejudice of a witness, negativing a contention of undue delay, or proving

an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

On their collective face, the three letters seem to satisfy the requirements of Rule 408 to justify their exclusion. However, Defendant Redman has argued that the letters were separate admissions apart from any settlement negotiations because they were sent prior to the filing of the original complaint in this case on May 4, 2005 and did not explicitly state that they contained an offer of compromise or that they were being submitted under Rule 408. "To determine whether the statements are covered by the rule, the inquiry is whether the statements or conduct were intended to be part of the negotiations for compromise." *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) (quotation marks and citation omitted). The letters did precede the filing of the complaint in this case and they made no explicit reference to Rule 408. However, Defendant Redman construes the concept of settlement negotiations too narrowly by requiring them to include particular language or to occur only after formal litigation has commenced. Rule 408 does not require that any specific language be used in settlement negotiations, nor do the federal courts impose restrictions on when settlement negotiations can take place. *See, e.g., Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1557 (3d Cir. 1994) (noting that parties may engage in settlement negotiations concerning "a colorable legal dispute for which no formal complaint has been filed"). Here, the letters make a conditional offer, discuss the potential for legal action, and note the need for a signed release. Because they "promise to furnish . . . a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount," Fed. R. Evid. 408, the letters fall squarely within the type of activity contemplated by Rule 408 and are clearly part of the same

3

negotiation process which continued after the filing of the Complaint.[1]  Therefore, the Court finds

that the letters were part of the settlement negotiation process between Plaintiff and Defendant

Redman and are "not admissible to prove liability for or invalidity of the claim or its amount."

Fed. R. Evid. 408.

Defendant Redman has also argued that she "seeks only to use these admissions . . . to

prove her claim of coverage as is relevant to the stacking claims" and to "support her claims for

bad faith relative to the stacking claims and underlying coverage issues."  Defendant's Response

(Doc. No. 43) at 7 - 8.  Rule 408 does not require exclusion of evidence relating to settlement

discussions when the evidence in question is offered for another purpose.  Fed. R. Evid. 408.

Here, Defendant Redman urges the Court to allow the use of the letters "to prove [Plaintiff's]

admission of coverage that would be applicable to the stacking claims . . ."  Defendant's Response

(Doc. No. 43) at 8.  Put another way, Defendant Redman contends that the letters "constitute an

admission of uninsured motorist coverage under the policy in favor of Kym Redman."  Kym

Redman's Answer to Second Amended Complaint For Declaratory Judgment and Counterclaim

(Doc. No. 33) at ¶ 25.  In other words, Defendant Redman has essentially requested that the

letters be allowed as evidence of "liability for . . . the claim[,]" even though Rule 408 expressly

forbids it.  Fed. R. Evid. 408.  Where, as here, the subject of the settlement agreement and the

surviving claim are so closely intertwined, allowing evidence of a related settlement agreement

would undermine the policies behind Rule 408.  *See Fiberglass Insulators,* 856 F.2d at 654 ("it is

the general practice of the federal courts to hold inadmissible '. . . the attempted use of a

---

[1] Due to the progress of settlement negotiations, the parties filed a number of stipulated
motions for extensions of time to file responsive pleadings.  *See* Doc. Nos. 17, 21, 23.

completed compromise of a claim arising out of the *same transaction* between a third person and a party to the suit being litigated' . . . we think there is even more reason to exclude such evidence when the settlement or settlement negotiations are between the same parties to the suit at hand"); *see also Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987) ("In our view, when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers").

In addition, Defendant Redman's argument concerning use of the letters as evidence of bad faith is unavailing. In the Order bifurcating the stacking issues from the other counterclaims (Doc. No. 88), Magistrate Judge Schneider reserved resolution of the bad faith claims until the stacking claims are addressed. Therefore, the bad faith issues are not yet ripe for decision. Nonetheless, the Court finds that the letters have no place in any phase of this litigation. "[A]n eventual settlement does not indicate that an initial denial of coverage was in bad faith . . . bad faith is made out by the total absence of reasonable grounds to deny coverage." *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1042 (11th Cir. 1986). In other words, "[a]n eventual settlement has nothing to do with whether there were reasonable grounds to deny coverage initially." *Id.* Because the letters were part of the negotiations which culminated in a settlement, and because they consequently have "nothing to do with whether there were reasonable grounds to deny coverage initially[,]" Exhibits A, B, and C have no bearing on Defendant Redman's claim of bad faith related to the stacking issue. Accordingly, the letters are not relevant to that dispute and are inadmissible under Fed. R. Evid. 402. *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1232 (10th Cir. 2001).

The letters constitute evidence of statements made during settlement negotiations and have not been offered for any purpose other than to show liability.  This Court will honor the underlying purpose of Rule 408 "to promote nonjudicial settlement of disputes[,]" *Eisenberg v. University of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991), and prevent the admission into evidence of the letters.

IT IS ORDERED THAT Plaintiff Insurance Corporation of Hannover's Motion to Strike Exhibits A, B, and C of Kym Redman's Counterclaim (Doc. No. 35) is GRANTED, and the exhibits are stricken from the record.

_____
SENIOR UNITED STATES DISTRICT JUDGE